DOE
v.
PENFIELD.

DOE *against* PENFIELD.

It is a good plea in abatement that the plaintiff is a *fictitious* person.

*Assumpsit* will not lie on a judgment of a *foreign* Court, for *damages and costs*, in an action of ejectment against the defendant, in the name of *John Doe*, or the nominal plaintiff.

THIS was an action of *assumpsit* brought to recover *costs*, adjudged against the defendant, in an action of ejectment, in *Upper Canada*. The declaration stated a judgment of the Court of K. B., in *Upper Canada*, against the defendant, for 315*l*. 17*s*. and 7*d*. for damages which the plaintiff had sustained, as well by reason of a certain action of trespass and ejectment, as for his *costs*, &c. which judgment remained in full force, &c. by reason whereof, &c.

The defendant pleaded in abatement, that there is not, nor at the time of filing the plaintiff's declaration, was there any such person in being as *John Doe* ; nor was there any such person as *John Doe* in existence, as the declaration supposed, with a verification, and prayed judgment of the declaration, that it be quashed, &c.

The plaintiff replied, that the action of ejectment was brought, as set forth in the declaration, in the name of *John Doe*, who is a fictitious person, and nominal plaintiff; and that the action was brought, and the judgment rendered for the benefit, and at the instance of one *William Dickson*, according to the practice and usage of the Court of K. B., in *Upper Canada*, as authorized by the laws of that province. That the defendant appeared in the suit, and pleaded not guilty to the declaration filed in the cause; and judgment was rendered in the suit against the defendant, for the damages and costs, according to the laws of that province. There was a demurrer to this replication, and joinder.

*J. C. Spencer*, in support of the demurrer, 1. The replication admits that there is not, and never was, such a person as *John Doe*. Now, it is a good plea in abatement to the disability of the plaintiff, that he is a *fictitious* person, and has no existence. (1 *Chitty's Pl.* 435, 436. 1 *Tidd's Pr.* 579.)

2. There is a *departure* from the declaration. The declaration avers that *John Doe* was the plaintiff; and the replica-

tion says that *William Dickson,* the lessor, was the real plaintiff.

3. No action will lie on a foreign judgment in ejectment. (*Pawling* v. *Bird's Executors,* 13 *Johns. Rep.* 192. 204. 206.) It is a proceeding *in rem.* (*Runington Eject.* 4.) It is a *fictitious* remedy to obtain possession of land, devised for the furtherance of justice, under the control of the Court. The jurisdiction and control of the Court over the parties is obtained by means of the consent rule, and that can be enforced only in the Court of *Upper Canada,* where the suit was brought.

Again ; the plaintiff seeks to recover for a part only of the judgment, or for the *costs.* This Court will not take cognizance of a cause unless possessed of the whole, so as to have a complete control over it.

*Davis* and *Foot,* contra. Debt lies for *damages* recovered in a real action, for, by the judgment, they are reduced to a *personalty.* (*Comyn's Dig.* tit. *Debt,* A. 2.) So, *scire facias* lies on a judgment in ejectment. (*Tidd's Pr.* 1002.) Ejectment is a mixed action. This suit is brought to recover only the *damages and costs* adjudged in *Canada,* or the *personalty,* and has no connection with the *realty.* The judgment in ejectment for *mesne* profits, is conclusive. (*Benson* v. *Matsdorf,* 2 *Johns. Rep.* 369.) The judgment is *prima facie* evidence of a just debt. (*Taylor* v. *Bryden,* 8 *Johns. Rep.* 173.) The demand is founded in equity, and the plaintiff has brought an action of *assumpsit* to recover the amount.

The only question is, whether an action can be brought in the name of a *fictitious* person, for the benefit of a real person ? In this Court, actions for *mesne* profits are brought in the name of *John Doe,* the nominal plaintiff in ejectment; and a plea in abatement that he was a *fictitious* person, would not be allowed.(*a.*) Why should not the same rule be applied in the present case ?

(*a*) The parties to the record in ejectment are considered by the Court as real parties. The lessor of the plaintiff, therefore, cannot release the action. *Jackson, ex dem. Allen,* v. *Bell, ante* 168. 4 *Maule & Selw.* 300.

*Spencer*, in reply, observed, that the jurisdiction of the Court in actions of ejectment, over the defendant, or real tenant, is acquired only by his entering into the consent rule; and it is in the power of the Court to impose such terms on him, when he is let in to defend, as may secure the rights of the plaintiff. Where a *chose* in action has been assigned, and the assignor is dead, an action cannot be maintained in his name, for the benefit of the assignee.

PLATT, J. delivered the opinion of the Court. There is no doubt of the general rule, that if the plaintiff is not a real person, it may be pleaded in abatement; and the question is, whether the present case forms an exception to the rule? I incline to think it does not; and the acknowledgment of counsel that it is a case of *first impression*, and that no analagous case is to be found, affords strong presumption against this novel action. I think it best accords with the reason and policy of the law, that the *fiction* in the action of ejectment, should be confined, in its operation and effect, to the local jurisdiction where it is adopted. The laws of foreign governments may so regulate their practice as to extend a like fiction to other actions, so that the real parties might never appear on their records; but we are under no obligation to modify our practice according to such foreign regulations. To sustain an action in the name of a *fictitious person*, upon a foreign judgment, would subject our citizens to unjust hardships. There is no *reciprocity*. The defendant may be subjected to much difficulty in regard to his right of setting off any demand which he may have against the real plaintiff; and if judgment in this action be for the defendant, he can have no effectual judgment for his costs. It is not a sufficient answer to say, that the defendant might have a stay of proceedings till the plaintiff filed security for costs. That remedy is merely cumulative, and it may prove ineffectual. The defendant, in case his defence prevails, is entitled to a judgment against a real plaintiff, against whom he might issue an immediate execution, if such plaintiff were at any time found here, or had property here. The defendant is entitled to a judgment which he might send abroad, and which, *per se*, would be

evidence of a legal claim against the real plaintiff. A judgment against *John Doe*, for costs in this suit, would afford a very questionable ground of action in *Canada*, in a suit against *William Dickson*. If *Dickson* have any remedy here, for those costs, it must, I think, be a special action on the case, in his own name.

The defendant is entitled to judgment on the demurrer.

Judgment for the defendant.