BOSTON TYPE AND STEREOTYPE FOUNDRY, *vs.* JEDUTHAN SPOONER.

That there is no such person in *rerum natura* may be plead in abatement, and the same may be plead in bar.

Type Foundry
*vs.*
Spooner.

The rule is the same where the plaintiff sues as a corporation.

In suits by a corporation if the defendant means to insist on the want of a corporate capacity in the plaintiff to sue, he must do it by plea in abatement or bar.

The rule that a plea in abatement must give the plaintiff a better writ, has relation only to those cases where the defendant can give and the plaintiff have a better writ.

It is not a criterion in all cases to determine whether a matter is to be plead in abatement or bar to determine whether it can be so plead as to give the plaintiff a better writ.

This was an action of assumpsit. The declaration was silent as to any act of incorporation. The defendant plead in abatement that there never was, a person in being called or known by the name of the Boston Type & Stereotype Foundry. To this plea there was a demurrer, upon which a judgement of respondeas ouster was rendered. To this judgement the defendant excepted. After a final judgement rendered for the plaintiff at the County Court, the case was brought into this Court for decision upon the exception.

*Counsel for the plaintiff*, contended that when the defendant denies the existence of such a person as the plaintiff, it must be done by way of a plea in bar, and not by plea in abatement. This is not a case of misnomer of the plaintiff which only goes to the writ, but the plea alleges that there is no such person in being as the plaintiff. If this be true, then neither this or any other action can be sustained. The plea goes to defeat totally and forever a recovery. 1 Bos. & Pull. 40, *Mayor & Burgesses of Stafford vs. Bolton;* 1 Chit. Pl. 445; 2 Starkie, 224; 4 T, Rep. 227.

*Counsel for defendant.*—In this cause the defendant contends that the county Court erred in deciding that the plea was insufficient, as the plea in abatement was a proper plea. Com. Dig. Title Abatement, 16; and authorities there quoted.

Franklin,
January,
1833.
————————
Type Foundry
vs.
Spooner.

2. That if the plea was wrong, yet the declaration be-
ing bad, the plea was sufficient; it being a rule in law
that a bad plea is good enough for a bad declaration.

WILLIAMS, J.—In this case the defendant plead in a-
batement that there was no such person or corporation as
the Boston Type & Stereotype Foundry. This plea was
demurred to, and a judgement of *respondeas ouster*, render-
ed. To this judgement the defendant excepted. After a
final judgement rendered for the plaintiff, the cause is
brought here for a decision on the question of law arising
on the exception, and presents the enquiry, whether the
fact set forth in this plea, was the proper subject of a plea
in abatement.

There can be no doubt, but that the fact, if verified is
an answer to the suit. In every action commenced in a
Court there must be a party against whom a judgement
may be rendered, and an execution issue. The defendant
is not compelled to answer to a suit, unless it is prosecuted
in the name of a person either natural or artificial against
whom he may have a judgement, and an execution to ob-
tain satisfaction of the same. He is not under the necessity
of resorting alone to the recognizance, which a plaintiff
must procure on praying out a writ, in order to collect his
cost if he obtains a judgement therefor; as the recogni-
zance is only an accumulative security for the same.

This position is so obvious that it has not been contro-
verted, but the only objection taken to the plea is that the
fact should have been plead in bar. And if it is true, not
only that it could have been plead in bar, but that it
could not be plead in abatement, the objection is well
taken. It does not follow however that because the de-
fendant might have availed himself of this defence by plea
in bar, therefore he cannot avail himself of the same, by
plea in abatement. As a general rule, matter in bar can-
not be plead in abatement, but to this rule there are excep-
tions, and the case under consideration comes within the
exceptions. The nonjoinder of a person who ought to have
been made a plaintiff may be plead in abatement, and ad-
vantage may also be taken of it under the general issue. In
*replevin*, the defendant may plead property in himself or a

FRANKLIN,
January,
1833.

Type Foundry
vs.
Spooner.

stranger either in abatement or bar. Certain personal disabilities which entirely defeat the suit, may be plead in abatement or bar, as outlawry for felony, attainder, alien enemy. Coverture is only pleadable in abatement inasmuch as it does not destroy the cause of action, but only precludes the person from maintaining the suit.

It would seem from the principles on which pleas in abatement are founded, that the defence relied on, by the defendant could only be taken advantage of by a plea in abatement, as it merely denies that there is any right in those claiming to prosecute, or that there is any such person as the plaintiff; leaving the contract to be enforced by those from whom the consideration proceeded. The authorities, however, show that it is a proper subject for a plea in abatement or bar.

That there may be a plea in abatement, to the disability of a plaintiff, denying his existence, shewing that there is no such person in *rerum natura*, as that at the commencement of the suit he was a ficticious person is recognized in 1 Com. Dig. tit. abatement, E. 16; 1 Chitty pleadings, 435-6; *Guild* vs. *Richardson*, 6 Pick. 370; *Doe* vs. *Penfield*, 19 John. 308. That the same matter may be plead in bar, we find in Bro. Abr. Misnomer, 93, as quoted in the case of the *Mayor & Burgesses of Stafford* vs. *Bolton*; Bos. & Pull. 40, 44.

These authorities are decisive in favor of the present plea and against the position assumed by the counsel for the plaintiff, viz. that the defendant could only avail himself of this defence by plea in bar, unless a different rule should prevail when a suit is brought by a corporation, although there is nothing in the declaration in this case from which we can directly infer that the plaintiff's were suing as a corporation. That there is no difference however in this respect may be learned from Bro. Abr. & the case from Bos. & Pull, before mentioned where as it respects this plea in abatement, viz. that there is no such person in *rerum natura* or no such body politic, both corporations and natural persons are considered as equally entitled to the benefits of the same. The only ground upon which it can be urged that there should be any difference in a suit in the name of a natural or artificial person is this; there

FRANKLIN,
January,
1833.

Type Foundry
vs.
Spooner.

are some decisions, that where a corporation sues either on a contract or to recover real property, they must on trial under the general issue, prove that they are a corporation. 8 John. 295, 14, do. 245, 416. It is a general rule that a plea which denies what the plaintiff is bound to prove on the general issue is bad, on special demurrer. But if this is an objection to the plea under consideration, it is equally fatal to a plea in bar denying that there is any such corporation; and that *nul tiel* corporation, is a good plea, is admitted by Kyd, in his treaties on corporations 284, and in a note to 1 Saun. 340. Further it was decided in the case of the proprietors of *Kenebeck* vs. *Call*, 1 Mass. 483, that the plea of the general issue admitted the existence of the proprietors as named in the writ. It was also said by the Supreme Court of the United States, in the case of Conrad, plaintiff in error, against Atlantic Insurance Company, 1 Peters. 450, that by pleading to the merits the defendant necessarily admitted the capacity of the plaintiff to sue. In a more recent case, *Propagation Society* vs. *Clark et al*, 3 Peters. 408, on a point made and presented to the Court, it was decided that if the defendant meant to insist on the want of a corporate capacity in the plaintiff to sue, it must be insisted on by a special plea in abatement or bar, p. 501.

It has also been objected to this plea as a plea in abatement, that pleas in abatement must in all cases give the plaintiff a better writ, *i. e.* must be so plead as to enable the plaintiff in a subsequent suit to avoid the error committed in the first. This as a general rule is undoubtedly true. It obviously, however has relation to those cases only where it is in the power of a defendant to give and where the plaintiff can have a better writ. As where the plea is founded on some fact of which the defendant is presumed to have knowledge. It cannot apply to those cases where a plaintiff cannot have a better writ. In the case of outlawery, attainder, alien enemy, and in other cases where the right of action is suspended on account of the disability of a plaintiff to sue, he cannot have a better writ while the disability exists. It is sufficient in a plea in abatement for any of those causes to set forth the fact without attempting that which is impracticable. It will

be found that it is by no means a criterion to test in all cases whether a matter must be plead in abatement or bar, to determine whether it can be so plead as to enable the plaintiff in a subsequent action, to obviate the facts set forth in defence. As we find from the authorities that the subsequent matter of this plea is proper for a plea in abatement, and if that which is set forth is true, no better writ can be made in the name of the plaintiff, the writ must abate.

FRANKLIN, January, 1833.

Type Foundry vs. Spooner.

The judgement of the County Court must therefore be reversed, and judgement entered that the writ abate.

*Smith*, for plaintiff.

*Stevens*, for defendant.