## Northumberland County Bank *versus* Eyer.

1. Unless the judgment of the court below on a reserved question be excepted to, it will not be reviewed by the Supreme Court.

2. In an action by a corporation, a plea "that there is not, nor on the day of the purchase of the writ, nor ever since, was there any such corporation," is a plea in bar and not in abatement.

3. A plea in bar impugns the right of action altogether; a plea in abatement only the form or name in which it is brought.

4. Misnomer of a corporation as well as of a natural person must be pleaded in abatement.

5. That there never was such a person or corporation as the plaintiffs, goes to the right of action and is pleadable in bar.

6. In a suit by a natural person it is not enough to aver in the plea that there was no such person at the impetration of the writ, the averment must be that there never was such a person. The same rule applies to a corporation.

7. On writ of error whatever would have been available on general demurrer, or in arrest of judgment, may be assigned for error.

January 26th 1869. Before THOMPSON, C. J., AGNEW and SHARSWOOD, JJ. READ, J., absent. WILLIAMS, J., at Nisi Prius.

Error to the Common Pleas of *Northumberland county:* to January Term 1869, No. 258.

[Northumberland County Bank *v.* Eyer.]

This was an action of assumpsit, brought March 24th 1865, by the Northumberland County Bank against Henry C. Eyer. The cause of action was the endorsement or guaranty of a note for $900, drawn by Peter Henninger, dated September 23d 1863, payable in sixty days to the order of John Noll. There were two other suits on similar notes—one for $300, and the other for $600. The claim and defence in all depended upon the same circumstances; they had been tried before, the judgments reversed and new trials awarded. The cases are reported in 8 P. F. Smith 97, in which all the facts of the case are to be found. The points raised in the subsequent trial will be understood from the statement in this report.

The case first went to trial on the general issue plea. When called for trial again, the defendant offered to file the additional short plea "nul tiel corporation," and a special plea, "that there is not, nor on the day of the purchase of this writ, nor ever since, was there any such corporation as 'The Northumberland County Bank.'"

The plaintiffs objected to filing the pleas. The court allowed the defendant to file the pleas, and sealed a bill of exceptions for the plaintiffs. The plaintiffs gave evidence of their claim, and the defendant gave evidence that the plaintiffs had been originally incorporated by the name of the Shamokin Bank. The bank for some time before the suit had done business as "The Northumberland County Bank;" but it did not appear that the name had been legally changed. There was no other evidence on the part of the defendant. The court, Woods, P. J., instructed the jury to find for the plaintiffs, reserving the question, "whether the plaintiffs can sustain this action in the name of the Northumberland County Bank under the pleadings as they stand."

The jury found for the plaintiffs—in one case for $1203.13; in another for $1032.07; and in the third for $387.70.

The court afterwards entered judgment for the defendant, in each case on the question reserved. The plaintiffs took no exception to the entry of judgment on the reserved question. The plaintiffs took out a writ of error in each case, and assigned for error that the court erred :—

1. In deciding that the misnomer of the plaintiffs sustained the plea on bar of nul tiel corporation.

2. In not entering judgment upon the verdict in favor of the plaintiffs.

3. In entering judgment in favor of the defendant.

4. In allowing the defendant to file the plea of nul tiel corporation, &c., after issue found and trial had upon plea of non assumpsit and payment with leave, &c.

*J. M. Linn* and *J. W. Comly* (with whom was *J. B. Linn*), for

[Northumberland County Bank *v.* Eyer.]

the plaintiffs in error.—The plea is in effect a plea in abatement, which it was too late to put in : 1 Chitty's Pl. 441, 451, 479 ; Smith *v.* Bowker, 1 Mass. 76 ; Gilbert *v.* The Nantucket Bank, 5 Id. 97 ; Jewett *v.* Burroughs, 15 Id. 469 ; Porter *v.* Cresson, 10 S. & R. 257. Pleading over admits the capacity to sue, and the existence of a corporation can be put in issue only by plea in abatement : Lehigh Bridge Co. *v.* Lehigh Nav. Co., 4 Rawle 9 ; Rheem *v.* Naugatuck Wheel Co., 9 Casey 358 ; Tams *v.* Hitner, 9 Barr 446 ; Chamberlin *v.* Hite, 5 Watts 374 ; Wilson *v.* Hamilton, 4 S. & R. 240 ; Porter *v.* Cresson, 10 S. & R. 258 ; Wilson *v.* Wallace, 8 Id. 55 ; Fritz *v.* Commissioners, 5 Harris 134 ; Zion Church *v.* St. Peter's Church, 5 W. & S. 215. The entry of judgment here would extinguish the plaintiffs' right when there can be a recovery in some shape. The judgment should have been arrested merely : Kauffman *v.* Kauffman, 2 Whart. 147. To reserve a point there should be on the record a statement of the facts on which it arises : Winchester *v.* Bennett, 4 P. F. Smith, 513 ; Clark *v.* Wilder, 1 Casey 314 ; Irwin *v.* Wickersham, Id. 316 ; Wilson *v.* Steamboat, Id. 317.

*A. C. Simpson* and *J. B. Packer* (with whom was *W. J. Greenough*), for defendant in error.—The charter of a corporation must be proved on the trial of the general issue : Bank of U. S. *v.* Haskins, 1 Johns. Cas. 132 ; Jackson *v.* Plumbe, 8 Johns. R. 378 ; Dutchess Cat. Man. *v.* Davis, 14 Id. 238 ; Grubb *v.* Mahoning Nav. Co., 2 Harris 304 ; Christian Society *v.* Macomber, 3 Metc. 237. A plea in abatement must give a better writ ; here the plea went to the foundation of the action. The same matter may sometimes be pleaded in abatement and bar : Duppa *v.* Mayo, 1 Saund. 284 n. 4 ; Evans *v.* Stevens, 4 Tenn. R. 227 ; Sandback *v.* Quigley, 8 Watts 460 ; Hurst *v.* Fisher, 1 W. & S. 441 ; Seaton *v.* Jamison, 7 Watts 540 ; Casporus *v.* Jones, 7 Barr 121 ; Langdon *v.* Potter, 11 Mass. 316 ; Rheem *v.* Naugatuck Wheel Co., *supra ;* Gray *v.* Monongahela Nav. Co., 2 W. & S. 162 ; Fritz *v.* Commissioners, Zion Church *v.* St. Peter's Church, Christian Society *v.* Macomber, *supra ;* Brooke's Ab., *Misnomer*, 73 ; Mellor *v.* Spateman, 1 Saund. R. 340, note 2. The corporate name must be strictly used : Berks & D. Turnpike *v.* Myers, 6 S. & R. 17. The point reserved appears on the record, and the judgment therefore was regular : Clark *v.* Wilder, Irwin *v.* Wickersham, Wilson *v.* Steamboat, *supra.* Arrest of judgment must be for error appearing on the record : 1 T. & H. Pr. 549 ; 2 Tidd 825 ; Hartzhorne *v.* Patton, 2 Dall. R. 252 ; Archb. Pr. 280 ; 2 Impey's Pr. 412, 414 ; Skinner *v.* Robeson, 2 Yeates 375.

The opinion of the court was delivered, February 4th 1869, by SHARSWOOD, J.—The judgment of the court below on the

[Northumberland County Bank *v.* Eyer.]

reserved point not having been excepted to, is not before us for review. The 5th section of the Act of Assembly passed March 28th 1835, Pamph. L. 90, entitled "An act to establish the District Court for the city and county of Philadelphia," and extended to the Courts of Common Pleas of the several counties of this Commonwealth by Act of April 22d 1863, Pamph. L. 555, after giving the power to reserve questions of law on the trial of a cause for the consideration and judgment of the court in banc, provides "that either party shall have the right to a bill of exceptions to the opinion of the court, as if the point had been ruled and decided on the trial of the cause." It is evident that without a bill of exceptions the facts admitted or found, on which the question was reserved, are not properly on the record. This disposes of the three first errors assigned.

The 4th assignment of error is, "that the court erred in allowing the defendant to file the plea of nul tiel corporation, &c., after issue joined and trial had upon the plea of non assumpsit and payment with leave, &c." Besides the short plea there was filed also the plea extended in form, "that there is not, nor on the day of the purchase of this writ, nor ever since, was there any such corporation as 'the Northumberland County Bank,' as by the said writ is above supposed."

The better opinion seems to be that such a plea is in bar and not in abatement. A plea in bar impugns the right of action altogether: a plea in abatement only the form or names in which it is brought: Stephen on Plead. 432. Hence the misnomer of a corporation as well as of a natural person must be pleaded in abatement. But the defence that there never was such a natural person as the plaintiff *in rerum natura*, or that such a corporation as that named as plaintiffs never existed, which are pleas of precisely the same nature, go to the right of action altogether, and are therefore pleadable in bar: Rheem *v.* Naugatuck Wheel Co., 9 Casey 363. One reason is, that in the latter case the defendant cannot give the plaintiffs a better writ, which must generally be done in abatement, though perhaps not always. In a case reported in the Year Book, 22 Edw. IV. 34, it was held that, "in an action by a corporation or natural person, misnomer of the one or the other goes only to the writ; but to say that there is no such person *in rerum natura*, or no such body politic, this is in bar; for if he is misnamed he can have a new writ by the right name, but if there be no such body politic, or no such person, then he cannot have the action." Brooke's Abr. tit. *Misnomer* 73, fol. 80, b. This decision has been recognised and followed in subsequent cases both in England and this country: Mayor and Burgesses of Stafford *v.* Bolton, 1 Bos. & Pul. 40; Doe d. Malden *v.* Miller, 1 B. & Ald. 704; Bank of Metropolis *v.* Orme, 3 Gill. 444; Town of Lewiston *v.* Proctor, 27 Illinois 414; Nocreth

Franklin Mill Co., 30 Id. 157; Proprietors of Sanapee *v.* East-man, 32 New Hamp. 473; 1 Saund. Rep. 340, n. 2, by Serjeant Williams. There are authorities however from which it can be inferred that it may also be pleaded in abatement: Anon., 1 Wils. 302; 1 Com. Dig. tit. *Abatement*, E. 16; Doe *v.* Penfield, 19 Johns. 308; Zion Church *v.* St. Peter's Church, 5 W. & S. 215; 1 Chitty 435, and authorities there cited; and in the state of Indiana it is the established doctrine, that it must be so pleaded: Jones *v.* The Cincinnati Type Foundry Co., 14 Indiana 89; Neaston *v.* The Cincinnati Railroad Co., 16 Id. 275. See also Conard *v.* The Atlantic Insurance Co., 1 Peters S. C. Rep. 450; Society for the Propagation of the Gospel *v.* The Town of Pawlet, 4 Id. 480.

It is evident, however, that there must be something to distin-guish such a plea from the ordinary plea of misnomer; for a party may well plead when sued by a natural or artificial person by a wrong name that there is no such person in existence, especially as to a plea in bar no affidavit is required. The plea must show when in bar that it goes to the cause of action alleged in the decla-ration, and not to the form or name in the writ. It has been settled therefore from the earliest period that it is not enough in such a plea in a suit by a natural person to aver that there was no such person *in rerum natura* at the time of the impetration of the writ, but it must allege that there never was such a person. The same rule applies to the plea of *nul tiel corporation*, for the same reason exists in both cases. *Ubi eadem ratio, ibi idem jus.* A man or corporation may change his or their name between the time the cause of action arose and the bringing of the suit; and a cor-poration certainly loses none of its franchises or rights by such a change when authorized by law; and they can recover by their new name a debt due before: Brooke's Abr. tit. *Corporation* 38, fol. 183 b; Moor 581, 582; The Mayor, &c., of Scarborough, *v.* Butler, 3 Lev. 237; Mellor *v.* Spateman, 1 Saund. Rep. 344, note 1. The decision to which I refer is reported in Brooke's Abr. tit. *Briefe* 25, fol. 102 a. "Appeal against several, and one says that there was no such John *in rerum natura* the day of the writ purchased, and held to be no plea; but he ought to say that he was dead the day of the writ purchased, or that there was never such a John *in rerum natura*." Lord Chief Baron Comyn on this authority so states the rule, "that there was no such per-son at the day of the original purchased is ill:" Com. Abr. tit. *Abatement*, E. 16.

If then for this reason and on this authority the special plea filed by leave of the court under exception in this case was no plea—was bad on general demurrer—it was error in the court to allow it to be filed; or what amounts to the same thing, as the record shows that the judgment was entered for the defendants on

[Northumberland County Bank *v.* Eyer.]

that plea, it is an erroneous judgment.   On a writ of error, whatever defect would have been available on general demurrer or in arrest of judgment, may be well assigned.   As this case necessarily again goes back in consequence of there having been no bill of exceptions taken to the judgment on the reserved point, it may be well for the plaintiffs to consider whether all difficulty cannot be obviated by an amendment in the name of the plaintiffs under the 2d section of the Act of May 4th 1852, Pamph. L. 574, and also in the declaration by alleging the contract to have been made with the "Shamokin Bank" by the name of "The Northumberland County Bank."

Judgment reversed, and *venire facias de novo* awarded.