## OREGONIAN RY. Co. (Limited) *v.* OREGON RY. & NAV. Co.

*(Circuit Court, D. Oregon.   December 1, 1884.)*

**1. PLEADING—DENIAL OF KNOWLEDGE OR INFORMATION.**

A defendant is not bound to inform himself concerning the truth of an allegation, of which he never had any knowledge, before answering the same; and a denial of any knowledge or information thereof is a sufficient denial, and will not be stricken out as sham unless it plainly appears that the same is false.

**2. SAME—FRIVOLOUS PLEADING.**

A frivolous answer or defense is one which contains nothing that affects the plaintiff's case, and may be stricken out on motion; but a motion to strike out for frivolousness is not well taken if the matter included in it is material, if true.

**3. SAME—PLEA IN BAR OR ABATEMENT.**

In an action by a corporation on a contract, a denial of its corporate existence goes not only to the disability of the plaintiff but to the cause of action also, and is therefore a plea or defense in bar of the action, and will be so considered, unless expressly pleaded in abatement.

**4. SAME—ESTOPPEL BY CONTRACT.**

A party who contracts with a corporation, as such, is thereby estopped, in an action on such contract, to deny its corporate existence or power to make such contract; but in case such want of existence or power is pleaded as a defense to such action, the corporation must claim the benefit of the estoppel on the record, or the same will be considered waived.

**5. SAME—PLEADING AN ESTOPPEL.**

When the matter constituting the estoppel—the compact—does not appear in the previous pleadings, it must be set up by replication; but where the same does so appear, the estoppel must be raised by demurrer.

Action to Recover Rent.

*John W. Whalley* and *William Gilbert,* for plaintiff.

*Charles B. Bellinger,* for defendant.

DEADY, J.   This action is brought by the Oregonian Railway Company, (Limited,) a foreign corporation alleged to have been formed in Great Britain under "The Companies' Act of 1862," against the Oregon Railway & Navigation Company, a domestic corporation formed under the general incorporation act of Oregon of 1862, to recover the sum of $68,131, alleged to be due the plaintiff for the use of its

railway in Oregon, commonly called the "narrow gauge" road, for the half year beginning May 15, 1884.

It is alleged in the amended complaint, filed August 15, 1884, that the plaintiff became a corporation on April 30, 1880, by certain persons making and delivering for registry under the British act aforesaid a "memorandum of association" and "articles of association," as therein set forth; that the defendant became a corporation under the Oregon act aforesaid on June 13, 1879, by certain persons making and filing articles of incorporation to that effect, as therein set forth; that on August 1, 1881, the plaintiff was the owner of a certain railway in Oregon, and then demised the same by a written instrument to the defendant for the term of 96 years, for and upon a yearly rental of 28,000 pounds sterling, to be paid in half-yearly installments in advance, and that the defendant, by its proper officers, duly executed said instrument, they being first thereunto fully authorized by a vote of its directors; and that the defendant thereupon entered into possession of the railway and operated the same, but has failed to pay the installment of rent falling due on May 15, 1884.

By the second amended answer to this amended complaint, filed October 18, 1884, the defendant expressly admits that it is a corporation formed under the laws of Oregon, and that its president and assistant secretary signed the written instrument aforesaid, and that in pursuance thereof it entered into the possession of said railway and operated the same until May 15, 1884, when it offered to return the same to the plaintiff, which offer was declined, and that it has since retained the possession thereof, only under a special agreement with the plaintiff, not material to the present inquiry, and denies (1) that the plaintiff is or ever was a corporation under the companies act of 1862, or otherwise, or at all; (2) that the law of Great Britain confers on the plaintiff the power to lease said railway; (3) knowledge or information sufficient to form a belief as to whether a memorandum or articles of association were made and delivered for registry, as alleged in the complaint, or at all; (4) that plaintiff is or ever was authorized to construct, own, operate, lease, or sell a railway in Oregon, or that it has ever complied with the laws of Oregon on the subject of foreign corporations doing business therein; (5) that either the plaintiff or defendant ever had authority to execute said written instrument, or any indenture for the leasing of said railway, or that the plaintiff ever demised the same to the defendant; and (6) that any sum of money is due the plaintiff from the defendant; and avers that it has fully paid the rental provided for in said pretended lease for the period during which it was in possession of said railway, to-wit, for the period ending May 15, 1884.

The plaintiff moves to strike out his answer as being "frivolous and immaterial," and for judgment. In the brief submitted by counsel in support of this motion, it is maintained that the denials of

knowledge or information concerning the alleged execution and delivery of the memorandum and articles of association are insufficient, because they relate to matters which are of record, and of which the defendant can inform itself, or to such things as are presumptively already within its knowledge, and therefore it is not at liberty to controvert the allegation otherwise than by a positive denial; citing, *Heatherly* v. *Hadley*, 2 Or. 275; *State* v. *McGarry*, 21 Wis. 500; *Hance* v. *Rumming*, 2 E. D. Smith, 48; *Curtis* v. *Richards*, 9 Cal. 38; *Nelson* v. *Murray*, 23 Cal. 338; Pom. Rem. § 641; Moak's Van Santv. Pl. § 517. But none of these authorities go so far as to hold that because the subject of an allegation in a pleading is of record, that therefore the party answering or replying thereto must take the trouble to inform himself so as to be able to deny the allegation positively, if at all. A party may, by the force of a statute, have constructive notice or knowledge of the existence and contents of a private writing duly admitted to record in a public registry, but there is no presumption that he has any actual knowledge or information on the subject, unless it also appears that he had some connection with the transaction contained in the record or relation to the proceeding out of which it grew. The rule was long ago stated by Mr. Justice FIELD in *Curtis* v. *Richards*, *supra*, as follows:

"If the facts alleged are presumptively within the knowledge of the defendant, he must deny positively, and a denial of information or belief will be treated as an evasion. Thus, for example, in reference to instruments in writing alleged to have been executed by the defendant, a positive answer will alone satisfy the requirements of the statute. If the defendant has forgotten the execution of the instruments, or doubts the correctness of their description, or of the copies in the complaint, he should, before answering, take the requisite steps to obtain an inspection of the originals. If the facts alleged are not such as *must* be within the personal knowledge of the defendant, he may answer according to his information and belief."

—Or, rather, he may deny knowledge or information thereof sufficient to form a belief. See, also, on this point, Pom. Rem. § 641, wherein it is said in effect that a party may controvert an allegation by a denial of any knowledge or information thereof whenever such denial would not, in the light of the circumstances, appear to be palpably false.

Now, upon the facts stated in this case, there can be no presumption that the defendant has any personal knowledge concerning the existence or contents of the documents made and registered in Great Britain, by means of which the plaintiff claims to have become a corporation. How can such presumption arise? The defendant was an utter stranger to the proceeding, and there is no evidence that it, or those who represent it, and through whom its knowledge must come, ever saw or examined the documents for any purpose. Neither is a party under any obligation to inform himself concerning any matter of fact, so that he may answer an allegation relating to it, positively, unless it be to recall and verify that knowledge or information

of the matter which he once had and is still, presumed to have, but which may have become dim or confused in his mind by reason of the lapse of time or other circumstances. And if such a denial is improperly made, it may be stricken out as sham—manifestly false, in fact. But it is not for that reason either "frivolous" or "immaterial." That depends wholly on the character of the allegation denied. If that is material, the denial of all knowledge or information concerning it is also material.

Another ground of this motion, as set forth in the brief, is that the denial of the plaintiff's corporate existence is a plea in abatement, and, being pleaded with a defense to the merits, it is to be considered as waived and abandoned; citing rule 40 of this court; *Hopwood* v. *Patterson*, 2 Or. 49; *Oregon Cent. Ry. Co.* v. *Wait*, 3 Or. 91. And, first, it is not absolutely necessary to strike out of an answer matter in abatement which has been waived by a subsequent defense, in the same answer or otherwise, to the merits. Being waived by such subsequent pleading, it is impliedly out of the case. But it may be convenient, particularly in a doubtful case, to move to strike out before going to trial, so as to ascertain and determine the material issues in the case. But such motion, if it includes the whole answer, as in this case, must fail; and should, in my judgment, be made on the ground that the matter being waived has become redundant or irrelevant.

There is no doubt that the rule and authorities on the subject of pleading matter in abatement with matter to the merits is as stated by counsel for plaintiff. But are these denials of the plaintiff's corporate existence generally, or of particular facts necessary thereto, or of its power to make the contract in question, pleas in abatement or in bar of the action? These denials are equivalent to an allegation that the plaintiff is not only without power to make this contract, but is really a fictitious person. A plea that the plaintiff is a fictitious person is sometimes classed by the text writers as a plea in abatement. 1 Chit. Pl. 482; Gould, Pl. *c.* 5, § 38. But the latter, in section 60 of the same chapter, says: "That the plaintiff never was *in esse*, seems also to be a good plea in bar; for that a right of action should exist in favor of an imaginary person is plainly impossible."

This is not a case, where an admitted cause of action is being prosecuted in the name of a fictitious person, like *Doe* v. *Penfield*, 19 Johns. 308. In that case the fact that the plaintiff was a fictitious person was pleaded in abatement of the action, while the cause of action or indebtedness of the defendant to the real party in interest was not controverted. But this is a case in which the cause of action—the liability of the defendant—is bound up in and dependent upon the legal existence of the alleged plaintiff, and a denial or defense which puts that fact in issue is to all intents and purposes a plea in bar, and, unless expressly pleaded in abatement merely, should be so considered.

It is also contended by counsel for the plaintiff that the defendant, having contracted with the plaintiff as a corporation existing under the laws of Great Britain by the corporate name of "The Oregonian Railway Company, (Limited,") for the lease of its railway, is not now permitted to deny such corporate existence or the power to make such contract. The law is well settled that a person who contracts with an apparent corporation as such is estopped, when sued on such contract, to say that the plaintiff had no corporate existence or power to make such contract. A corporation, like an individual, when sued on a contract may set up as a defense its want of power or capacity to make such contract; but the party with whom it contracts cannot set up such want of power or capacity as a defense to an action by the corporation for a breach thereof. And the reason of the distinction is that legal disability, as in the case of a minor, is a defense personal to the party who is under it, and cannot be taken advantage of by another. *Cowell* v. *Springs Co.* 100 U. S. 61; Bigelow, Estop. (3d Ed.) 464, 465. But, notwithstanding this, the defense of a want of corporate existence or power, if made, is not a "frivolous" one. A defense is only "frivolous" when it contains nothing that can affect the plaintiff's case. *Witherell* v. *Wiberg,* 4 Sawy. 233. But these denials, unless the plaintiff sets up and claims the benefit of the estoppel whenever the opportunity occurs, are a good defense to the action. They are material, and if the plaintiff waives the estoppel and goes to trial on the issue arising thereon, and fails to prove its corporate existence and power, the verdict and judgment must go against it.

The matter which may estop the defendant in this case from denying the corporate existence of the plaintiff is the fact of its contracting with the latter as such corporation. If this fact did not already appear in the complaint, the plaintiff could not have the benefit of the estoppel, unless he set it up in a replication, and that is the way in which the point is generally made in the pleadings. But in this case, the matter which operates as an estoppel—the contract of leasing—is set forth in the complaint. In such case the defendant may claim the benefit of the estoppel by a demurrer to the plea, which contains the defense of a want of corporate existence or power. 1 Chit. 634; Bigelow, Estop. (3d Ed.) 591. I have not seen a precedent of such a demurrer, but the form may be readily devised from the usual replication of an estoppel to a plea. The demurrer should not be general, that the facts contained in the plea do not constitute a defense to the action, but special, and to the effect that the defendant ought not to be heard or allowed to say or allege that the plaintiff is not a corporation, or has no power to make the contract sued on, contrary to its own acknowledgment and deed as appears by the complaint and as admitted by the answer. The first, second, third, and part of the fourth and fifth of these denials are intended to and do controvert the corporate existence and power of the plaintiff, and cannot, therefore, be

considered frivolous; and the same may be said of the denial of the defendant's power to enter into this contract. But the question of the plaintiff's corporate existence or the power of it or the defendant to execute the lease, should more properly be made by demurrer to the complaint.

The denial of indebtedness is clearly frivolous; for, taken as a whole, it only amounts to an averment that all the prior installments of rent have been paid. So of the denial that the plaintiff has complied with the laws of the state on the subject of foreign corporations. The act requiring certain foreign corporations to comply with certain provisions thereof before doing business in the state, has no application to railway corporations, and is confined in its operation to the corporations mentioned in the title thereof. *Oregon & W. T. & I. Co.* v. *Rathbun*, 5 Sawy. 32. But the motion to strike out on the ground of frivolousness being taken to the whole answer, cannot be allowed in part, and is therefore disallowed altogether.

The defendant also moves for leave to file a third amended answer containing the same matter as the one under consideration, with two additional affirmative defenses. Without considering its materiality, I think proper to allow it to be filed, and thus give the plaintiff an opportunity to meet the defenses attempted to be made by it, in the light of this decision, and as it may now be advised.