## JAMES DOHORTY *v.* ROBERT MADGETT.

*Trover.   Detention.   Conversion.   Husband and Wife.*
*Act of 1884, No. 140.   Pleading.   Practice.*

1. A wrongful detention of goods from the owner by a naked bailee, on proper demand, is a conversion for which trover will lie.
2. Under the general issue, the defendant cannot claim that the plaintiff has sued by the wrong name.
3. The husband alone is liable for the wrongful detention of property by his wife, which was delivered *in specie* to her in his presence, with his approval, and detained for their use.
4. Admitting the truth of the plaintiff's evidence, it is a question of law for the court, and not for the jury, whether he is entitled to a verdict.
5. The Act of 1884, whereby a married woman could sue and be sued, was passed after this action was commenced and has no application.

TROVER for a valise and its contents, consisting of $334 in bills, and other property.   Plea, not guilty.   Trial by jury, June Term, 1884, Orange County, ROWELL, J., presiding.   Judgment for the plaintiff.

*H. A. White* and *A. M. Dickey,* for the defendant.

The bailee is responsible only for gross negligence.   Story Bailm. ss. 53, 58, 93; *Spooner* v. *Mattoon,* 40 Vt. 300.

There was no conversion by the defendant.   *Tinker* v. *Morrill,* 39 Vt. 477.

The basis of the tort is the breach of the contract of bailment.   Story Bailm. ss. 44, 55, 96, 107.

The wife should have been joined.   *Davis* v. *Taylor,* 41 Ill. 405; Chit. Pl. 82; Dic. Par. 476; *Jillson* v. *Wilbur,* 41 N. H. 106; 2 Hill Torts, 5, 11.

As to misnomer, see *Boston Type Foundry* v. *Spooner,* 5 Vt. 93.

*S. B. Hebard* and *Heath & Carleton*, for the plaintiff.

The jury had nothing to do with the kind of action to be brought. *Underwood* v. *Hart*, 23 Vt. 120; 16 Vt. 266.

Trover will lie. 1 Cow. 332; 6 Id. 757; 18 Pick. 278; 2 Esp. 589; 2 Greenl. Ev. s. 644; 2 Saund. 137, *n.; Sibley* v. *Story*, 8 Vt. 15; Salk. 114.

The misnomer, if any, could only be taken advantage of by plea in abatement. Gould Pl. c. 5, s. 79.

The action was properly brought against the husband alone. *Shaw* v. *Hallihan*, 46 Vt. 389; Chit. Pl. 93.

The opinion of the court was delivered by

Ross, J. This is an action of trover to recover for a valise and its contents, which the defendant and his wife, both, refused to deliver to the plaintiff on demand. There was no question but the plaintiff was the owner of the property, and had the right to its possession on demand as against the defendant. He was the hired servant of the defendant, and as such assigned a room, by the defendant in his house, in which to sleep and to keep his valise. His evidence tended to show, that on a certain occasion he delivered the valise, then in his room, and the key thereof to the defendant's wife, in the presence, and with the approval of the defendant; and requested her to take care of the same, which she consented to do; and, that having seen the valise in its usual place in his room at noon on the 8th of August, about one hour after he had occasion to go to it, and asked the wife for the key, and on going to his room found the valise gone; that the defendant and his wife, were both present in the kitchen, which adjoined his room, and he there demanded the valise of both, and that both failed to deliver it, and claimed to know nothing about it; that he never obtained his valise or its contents. His evidence also tended to show that they knew the contents were valuable, and they, with the family, alone had been about the house during the interval of time since he last saw it.

I. The defendant requested the court to charge the jury that if the plaintiff's testimony was all true he could not recover in this form of action, but the action should have been case against the bailee. The court refused thus to charge and the defendant excepted. The request was manifestly erroneous, in that it called for a charge to the jury to that effect. It embraced a pure question of law which should be addressed to the court alone. But if addressed properly to the court, the court would have erred if it had complied with it. No principle of law is better settled than that the wrongful detention of goods, by a naked bailee, from the owner, on proper demand is a conversion. *Sibley* v. *Story,* 8 Vt. 15; 2 Greenl. Ev. s. 642.

The court properly refused to comply with this request.

II. Again; the defendant requested the court to charge that if they found that the plaintiff's name was Robert McIntosh, and not James Dohorty, he could not recover. Strangely, the defendant relies upon *Boston Type Foundry* v. *Spooner,* 5 Vt. 93, to support this request. The doctrine of that case is, that where no such person as the plaintiff named exists, in *rerum natura,* the defendant must take advantage of it by a plea in abatement, or by a plea in bar. It is there clearly stated that the plea of the general issue admits the existence of the plaintiff and his capacity to sue, and cases are cited from Massachusetts and the U. S. Supreme Court in support of the doctrine. This request does not go the length of claiming, on the general issue even, that there is no such person as the plaintiff named, but that his true name was Robert McIntosh. This request on the case, especially relied upon by the defendant, was properly refused by the court.

III. The defendant also excepted to the charge of the court to the effect, "that, if the defendant's wife wrongfully detained the property in question on demand of her therefor, the defendant would be liable for the same, for that the wrongful detention of property by the wife, in a

case circumstanced like-this, would not be her tort but her husband's." We find no error in this portion of the charge. Says, Mr. Greenleaf, in vol. 2 of his work on Evidence, s. 647, on the general subject of trover: "If the action is against the husband and wife, the plaintiff must aver and prove, either a conversion by the wife alone before marriage, or a subsequent conversion by the joint act of both; and it seems, that, in the latter case, the evidence ought to show some act of conversion other than that which merely goes to the acquisition, or detention of the property to their use; for, if the goods remain in specie, in their hands, it is a conversion only by the husband." To the like import are, 1 Chit. Pl. 93; 2 Wms. Saund. 47 *i*; *Nelthrop* v. *Anderson*, 1 Salk. 114; *Draper* v. *Fulkes*, Yelv. 166 *n.; Shaw, adm'r*, v. *Hallihan*, 46 Vt. 389. The most which the plaintiff's testimony tended to show was an acquisition or detention of the property in specie by the defendant's wife, for their use.

On these authorities the charge of the court was not erroneous.

We know of no statute, nor decision of this court existing at the time of this conversion, that gives any support to the defendant's further contention, that under the modification and enlargement of the rights of the wife as they existed at the common law, the wife alone should be held liable for her torts, even when committed in the presence, and with the assent, and under the implied authority of her husband. Whether the statute of 1884 effected such a change in the law, we have, at present, no occasion to inquire nor declare.

The result is the judgment of the County Court is affirmed.