## Acme Fertilizer and Plant Food Company v. Weaver.

*Limited partnership—Misnomer—Pleas—Demurrer—Affidavit of defense —Practice Act of May 14, 1915.*

1. Only questions of law heretofore raised by demurrer can be raised by the affidavit provided for in section 20 of the Practice Act of March 14, 1915, P. L. 487.

2. A misnomer or the non-existence of the plaintiff as a limited partnership, as averred in the statement, is a question that would have been raised by a plea in abatement at common law or specially in bar, and such questions should now be raised by the regular affidavit of defense, as provided in sections 3 and 12 of the Practice Act of 1915.

Affidavit of defense raising question of law. C. P. Lancaster Co., March T., 1926, No. 42.

*Charles W. Eaby*, for plaintiff; *H. Frank Eshleman*, for defendant.

GROFF, J., March 31, 1928.—This is an action in *assumpsit* between the Acme Feltilizer and Plant Food Company as the plaintiff and S. R. Weaver as the defendant.

The plaintiff in his statement of claim sets out in a concise and summary form the material facts on which he relies for his claim. He has his state-

ment divided into paragraphs, numbered consecutively, each of which contains but one material allegation, and has attached thereto a copy of the book entries upon which he rests his right to recover. ,

This statement was served on the defendant, and instead of filing the ordinary affidavit of defense, and without answering the averments of fact in the statement of claim, he raises the question of law, as he is authorized to do under section 20 of the Practice Act of May 14, 1915, P. L. 483, in which he alleges that "the plaintiff's statement does not set forth a legal ground of action, and no ground of action appears on said statement, for the reason that the alleged plaintiff sets forth that it is a limited partnership doing business in Lancaster County, and does not set forth anywhere that a limited partnership has been formed, inasmuch as no such limited partnership can exist under the laws of the Commonwealth without the recording of the said articles as provided by Act of June 7, 1907, § 1, P. L. 432; . . . and, further, that until the actual plaintiff is set forth and the legal status of the same properly declared, the defendant is subject to be called upon twice for the same claim, and his rights of set-off and counter-claim are in jeopardy. . . . And that no such record of the Acme Fertilizer and Plant Food Company nor limited partner of any similar title appears therein" (meaning the records in the Recorder's Office of Lancaster County). "Allegation of record is an indispensable averment."

In other words, the defense set up in the affidavit of defense is that the plaintiff cannot recover because it has no legal existence under the name in which it brought suit.

Now, is this such a defect in the pleadings as would justify the court in deciding the question of law so raised against the plaintiff?

Section 3 of the Practice Act provides: "Pleas in abatement, pleas of the general issue, payment, payment with leave, set-off, the bar of the statute of limitations and all other pleas are abolished. Defenses heretofore raised by these pleas shall be made in the affidavit of defense."

Section 4. Demurrers are abolished. Questions of law heretofore raised by demurrer shall be raised in the affidavit of defense, as provided in section 20.

It is, therefore, clear, under section 4 of the Practice Act, that only questions of law that were heretofore raised by demurrer shall be raised in affidavits of defense, as provided in section 20 of the Practice Act.

Is the objection raised here by the defendant such a plea as is referred to in section 3, or such a legal objection as referred to in section 4 of the Practice Act? We believe that the affidavit of defense in this case, if it were pleaded at common law, would be a plea in abatement and not a question to be raised by demurrer.

"Misnomer of a corporation as well as of a natural person must be pleaded in abatement:" Northumberland County Bank *v.* Eyer, 60 Pa. 436.

But the defense that there never existed such a partnership as that named as plaintiff would go to the right of action altogether, and would, therefore, be pleaded in abatement or specially in bar: Rheem *v.* Naugatuck Wheel Co., 33 Pa. 358-363; Freeland *v.* Pennsylvania Central Insur. Co., 94 Pa. 504.

Under section 3 of the Practice Act of 1915, it would make no difference whether, under the common law practice, this was a plea in abatement or a special plea in bar, because any plea that was used at common law shall be raised in the affidavit of defense—meaning the general affidavit of defense

referred to in section 12 of the Practice Act of 1915, and not in an affidavit of defense raising the question of law referred to in section 20 of the Practice Act of 1915.

We, therefore, in view of the foregoing cases and after due consideration of the Practice Act of 1915, decide the question of law against the defendant, and direct him to file a supplemental affidavit of defense to the averments of fact in the statement contained within fifteen days.

From George Ross Eshleman, Lancaster, Pa.