## American Central Insurance Company, Plff. in Err., *v.* A. J. Haws.

In a policy of insurance against lightning, where the live stock insured are described as contained in a certain barn, the fact that an animal insured was not present in the barn at the moment of its death by lightning, but was in an adjoining field, does not impair the right of recovery. Haws v. Fire Asso. 114 Pa. 431, 7 Atl. 159.

Alias and pluries writs are a continuance of the original process, and not the inception of a fresh suit. A suit is properly commenced within the prescribed time where the writ is issued within that time, although not served, provided an alias and pluries writ was issued so that the proper service was finally obtained.

Where a loss under an insurance policy was total, there being but a single subject of insurance, which was entirely destroyed, and immediate notice of the loss was given to the defendant, a further detailed proof of loss is not requisite to a right of recovery.

Where the insured made a bona fide effort to give notice and make out proofs of loss, and applied to the insurance agent for blanks for that purpose, and the latter had none on hand but sent to the company for them, and when they were received a full proof was made out and signed and sent to the company, which received it without objection after the time prescribed in the policy, the court properly left the question to the jury whether there was a reasonable explanation of the delay; and the jury having found that there was,—*Held,* no error.

(Argued October 13, 1887. Decided October 24, 1887.)

October Term, 1887, No. 221, W. D.    Error to the Common

---

Cited in Haws v. St. Paul F. & M. Ins. Co. 130 Pa. 113, 118, 2 L. R. A. 52, 15 Atl. 915, 18 Atl. 621, and in Powell v. Agricultural Ins. Co. 2 Pa. Super. Ct. 151, 158, 38 W. N. C. 469, as to the questions involving insurance; and in First Nat. Bank v. Cooke, 3 Pa. Super. Ct. 279, 281, 39 W. N. C. 531, as. to the service of alias writs.

NOTE.—The main question involved in this case was decided in Haws. v. Fire Asso. 114 Pa. 431, 7 Atl. 159, and distinguished in Haws v. St.. Paul F. & M. Ins. Co. 130 Pa. 113, 2 L. R. A. 52, 15 Atl. 915, 18 Atl. 621, where the policy provided for exemption from liability where the animal was killed while removed from the building. See also Reck v. Hatboro Mut.. Live Stock & P. Ins. Co. 163 Pa. 443, 30 Atl. 205.

Pleas of Mercer County to review a judgment in favor of plaintiff in an action upon a policy of insurance, for the value of a mare killed by lightning.    Affirmed:

The policy was, in part, as follows:

In consideration of thirty-five and sixty-six and two-third one hundredth dollars, and of the terms and conditions herein contained, the American Central Insurance Company hereby insures A. J. Haws, of Johnstown, Pa., for one year from the 1st day of March, 1884, at 12 o'clock at noon, to the 1st day of March, 1885, at 12 o'clock at noon, to an amount not exceeding thirty-five hundred and sixty-six and two-third dollars, against loss or damage by fire to the following specified property only, and while located as described herein and not elsewhere, to wit: . . . $133⅓ on black mare, Fannie H, . . . all contained in his new two-story frame barn, situate on his farm in Hempfield township, Mercer county, Pa., about 1 mile east of Greenville.    $7,133⅓ concurrent insurance.    And the said American Central Insurance Company hereby agrees to indemnify and make good unto the said assured all such immediate loss or damage, not exceeding in amount the sum or sums insured as above specified nor the interest of the assured in the property, as shall happen by fire to the property so situated and specified. . . .

2. This policy shall be void and of no effect, . . . if the property insured be removed to any other building or location than that described herein; . . .

The policy provided that proof of loss should be made within thirty days after loss, and that any suit under the policy should be brought within twelve months after loss.

The following "lightning indemnity clause" was attached to the policy:

It is hereby specially agreed that this policy shall cover loss or damage by lightning (meaning thereby the commonly accepted use of the term "lightning," and not in any case to include loss or damage by wind, or electrical storms), to the property hereby insured, not exceeding the sum insured nor the interest of the assured in the property whether fire ensues or not; and provided, that if there is other insurance upon the property damaged, then this company shall only be liable for such proportion

of the loss or damage as the sum hereby insured bears to the whole amount of insurance thereon, whether such other insurance contains a similar provision or not.

This action was brought to recover for the loss of the mare "Fannie H," alleged to have been killed by lightning, on or about June 9, 1884. Summons was issued May 23, 1885, and service set aside by the court January 7, 1886; alias issued January 13, 1886, which was returned without service, and pluries issued January 3, 1887, which was served January 15, 1887.

On March 30, 1887, defendant filed the following special plea:

Defendant pleads that this action was not commenced within twelve months next after the loss occurred. That the lapse of time after the loss and before the action was commenced shall be taken as conclusive evidence against the validity of plaintiff's claim, according to the terms of the policy.

S. F. Thompson,
Attorney for Defendant.

This plea was overruled by the court. (First assignment of error.)

On the trial plaintiff offered in evidence proof of loss, by lightning, of black mare, Fannie H, mentioned in the policy, amount, $133.33⅓.

Sworn to and subscribed by A. J. Haws, the claimant, before E. P. Gillespie, a notary public, on August 14, 1884. Indorsed "Loss No. 5,956, American Central Insurance Co. Statement of loss. Assured, A. J. Haws, Greenville, Pa., agency."

Defendant objected to the above offer for the reason that said proof of loss was not executed until August 14, 1884, and the evidence already offered showed that this loss occurred on or about June 9, 1884, and that the policy required that plaintiff should within thirty days after loss render this company a particular account of said loss, under oath, stating the other circumstances, if any, and giving copies of the written portion of all policies, which was not done in this case.

By the Court: The proof of loss offered in evidence is received, the objection is overruled and an exception is given to the defendant. (Second assignment of error.)

Further facts appear from the following charge of the court below:

"It seems that the plaintiff, A. J. Haws, insured certain horses with several companies, and, among others, with the American Central Insurance Company, the defendant in this case, and that this insurance was in existence in June of 1884. Among the horses that were insured in this policy by the defendant company was one brood mare called 'Fannie H.' It also seems that about the 9th of June of 1884 this mare was found dead in a field on the plaintiff's farm adjoining the barn mentioned in the policy. The policy not only insured the mare against loss by fire, but it also insured the plaintiff against loss of the mare by lightning.

"The testimony adduced on behalf of the plaintiff is to the effect that the witnesses who were upon the stand saw this mare out in the field about the middle of the forenoon of the 9th or 10th day of June of 1884. One of the witnesses testifies that there was a streak along the back of the mare as though the hair had been singed. It seems that there were two other animals killed or lying dead there at the same time, which seem to have been killed at the same time with this mare, 'Fannie H.' One was a mare and the other a colt, and the mare had fallen on the colt, both dead. It is also testified by these witnesses that on the night preceding this finding of these animals there had been a severe thunder storm, with lightning. The plaintiff asks you to infer from this that the mare Fannie H. was killed by lightning; and it is for you to say whether you are satisfied by the weight of the evidence that this was the cause of her death.

"The defendant has not adduced any testimony or evidence in its own behalf, but relies upon the testimony adduced on behalf of the plaintiff.

"Now, if you believe that this mare was found dead on the morning of the 9th or 10th of June, and believe that the circumstances surrounding her at that time, and the circumstances which preceded the finding of her death, point with reasonable certainty to the fact that she was killed by lightning, you would be warranted in so finding, although you did not have the testimony of any witness that saw the mare killed. If the testimony satisfies you that this is a reasonable hypothesis, it would warrant you in finding that fact, although it is only shown by

circumstances, and not by what is commonly called direct proof. It is for you to say whether the weight of the evidence satisfies you that this was the cause of the death of the mare, Fannie H. If you are so satisfied, then your verdict should be in favor of the plaintiff.

"The amount of the plaintiff's claim is one third of $400. The value placed upon this mare at the time of the insurance was $400. It seems that she was insured in two other companies for an amount equal with that included in this policy; and under the provisions of the policy each company would bear an equal proportion of the loss, or $133.33⅓. Your verdict, then, if you find for the plaintiff, under the evidence, which is to the effect that the mare was actually worth at least $400 at the time, which is not controverted, if you believe that evidence, then your verdict would be for $133.33⅓, together with interest from sixty days after the time when the proof of loss was received at the office of the company.

"The proof of loss in this case has been given in evidence. The date of the proof of loss is the 14th of August, 1884. There is an indorsement on the back of it, 'Received at St. Louis 9–5–84.' It is admitted that this proof of loss was delivered by the defendant to the plaintiff to-day; that it has been derived from their custody and brought into evidence in this suit. If you believe, then, that this indorsement was made by the late custodians, and sanctioned by them through their retaining it without objection to this indorsement, you would be warranted in finding from that that the proof of loss was received by them on the 5th day of September, 1884; and you would compute interest from sixty days after that date. That would be November 5, 1884.

"The defendant has asked for instructions upon the following points:

" '1. That the policy under which the plaintiff claims covered only such property as was contained in his "new two-story frame barn," and that defendant is not liable for any loss of property not contained in said building at the time of.the loss.'

"Ans. This point is refused. It is covered by the decision of the supreme court in the case of Fire Insurance Company of Philadelphia v. Haws. (Third assignment of error.)

" '2. That if the jury find that the mare was killed by lightning on or about June 9, 1884, and that the summons in this

suit was not served on the resident agent of the defendant company until January 15, 1887, the plaintiff cannot recover.'

"*Ans.* It seems by the record in this case that the summons was originally issued on the 23d day of May, 1885. This was less than a year after the time the loss occurred, and notwithstanding the provision in the policy requiring that suit shall be brought within a year, the plaintiff has complied with that provision of the policy in bringing his suit, in view of what followed the issuing of this summons. It appears that the summons was served upon someone who turned out not to be the agent of the company then, and that the company came in and complained that service had not been made upon it or upon its authorized agent, and suggested that one Mr. Lundy, of Williamsport, I believe, was its authorized agent. It seems from the record and return of the sheriff that this summons was sent to be served upon this Mr. Lundy, and that the sheriff returned that Mr. Lundy was not then the agent of the company, and suggested some other person who was, and finally service was had upon this person then suggested by the sheriff of Lycoming county. In view of this state of facts this request is refused. (Fourth assignment of error.)

" '3. If the jury find that the mare was killed by lightning during an electrical storm, the plaintiff cannot recover under this policy.'

"*Ans.* If you find that this mare was killed by lightning you need not inquire the kind of a storm that was taking place at the time. If it was killed by lightning, that is all that is required to fix the liability of the company so far as the manner of death is concerned. (Fifth assignment of error.)

" '4. If the jury find that the mare was killed on or about June 9, 1884, and that proof of loss was not executed until August 14, 1884, and was not forwarded to the defendant until September 5, 1884, the plaintiff cannot recover.'

"*Ans.* The policy upon which the plaintiff has declared requires that proof of loss shall be made within thirty days from the time of the loss. The plaintiff is bound to comply with that provision, unless he gives a reasonable explanation for not doing so. This provision of the policy is made for the protection of the company, so that it may have all opportunity to examine the property when destroyed and see whether or not the loss is a bona fide loss, or whether it has a just and proper excuse for

not paying the amount that is claimed of it.    In the case now before us the testimony is that Mr. Pettit was the agent who issued the policy, or through whom the policy was obtained, the resident agent at Greenville.    Mr. Pettit testifies that on the · morning after the loss he was visited by someone from Mr. Haws's farm and was informed of the loss of this property; that he did not then go out, but that he afterwards went out with one Mr. McCandles, who came there to adjust the loss for, perhaps, the American Fire Insurance Company; that Mr. Haws himself was not at home at this time, but he came home in the course of a few days and came into Mr. Pettit's office; that Mr. Pettit then did not have any blanks of the company.    He says that the company usually sent him blanks for proof of loss; that he wrote to the company, and that he received the blanks; that Mr. Haws made out the proof of loss; and that it was sent to the company.    Mr. Haws testifies that he went there for the purpose of getting the proof of loss made out, and that there were no blanks then in possession of the agent; that he, the agent, sent for proofs of loss and in course of time they came, and that he made out the proof of loss as soon as the blanks were received.

"Now, if you find that this is a reasonable explanation for the delay beyond thirty days, the fact that this was delayed beyond thirty days would not defeat the plaintiff's right to recover. But, on the other hand, if you do not believe that this is a reasonable explanation of the delay, you should find in favor of the defendant, because it is one of the stipulations of the policy that it shall be made within thirty days.    It is left to you as a question of fact to say how this was, with the further qualification that if you believe that the company received this proof of loss without objection, then you can say whether or not it waived any objection to the delay on account of the proof of loss.    If you find that it waived that objection, then you should not defeat the plaintiff's right to recover, upon the ground of this delay, if he is entitled upon the other essential matters to recover. (Sixth assignment of error.)

"Now, I believe that that covers the legal propositions in this case.    You will, then, take the case, and you will inquire, first whether or not this horse was killed by lightning.    Then, if you find that in favor of the plaintiff, you will inquire further whether or not the plaintiff made out this proof of loss, within

a reasonable time after the loss occurred, and sent it to the company with due diligence. The indorsement upon the proof of loss is that it was received on the 5th of September, 1884. The date of the proof of loss is the 14th of August, 1884. I do not know of any evidence in the case as to when it was mailed, further than the testimony of Mr. Haws that he made it as soon as it was received and left it with Mr. Pettit, who was the resident agent of the company. I do not remember what Mr. Pettit's testimony was, as to the time that he received the proof of loss. I think he stated that he sent for them, perhaps, at the time Mr. Haws made the request, and that he received them shortly afterwards. If there is a conflict of testimony between these parties, it is for you to say where the truth is, and to find whether or not this was done with due diligence by Mr. Haws. If it was, then the plaintiff is entitled to recover; otherwise, the defendant would be entitled to recover for this breach of the contract, even though the plaintiff would be entitled upon the rest of it."

The jury rendered a verdict in favor of plaintiff for $152.53, upon which judgment was entered, and defendant took this writ. The assignments of error specified: (1) The overruling of the special plea; (2) the admission of the proof of loss in evidence; and (3–6) the answers to the points.

*S. F. Thompson* and *T. Redmond,* for plaintiff in error.— The court admitted the proof of loss in evidence under objection, and left it to the jury to say whether or not the company had waived the requirement of the policy as to proof of loss within thirty days.

There was no evidence before the jury from which they could find a waiver by the company, for nothing but an express agreement with the company would be sufficient for that purpose. Beatty v. Lycoming County Mut. Ins. Co. 66 Pa. 9, 5 Am. Rep. 318; Diehl v. Adams County Mut. Ins. Co. 58 Pa. 452, 98 Am. Dec. 302.

The limitation of twelve months within which suit should have been commenced in case of loss is binding upon the parties. Northwestern Ins. Co. v. Phœnix Oil & Candle Co. 31 Pa. 448.

Was this suit commenced within twelve months next after the loss occurred, as contemplated by the parties to this contract?

It is true a summons had been issued, likewise an alias summons; but neither was served upon the resident agent of the company, the only party to accept service of process under the laws of this state. Did not the action commence on the date of service of the pluries summons on the resident agent, to wit, January 15, 1887? Wilson v. Ætna Ins. Co. 27 Vt. 99.

*E. P. Gillespie* and *S. Griffith & Son,* for defendant in error. —The court was right in overruling the special plea filed. Lynn v. M'Millen, 3 Penr. & W. 170; Magaw v. Clark, 6 Watts, 528; McClurg v. Fryer, 15 Pa. 293.

There was sufficient evidence to submit to the jury as to a waiver of the stipulation that proof of loss should be furnished within thirty days. The question was properly submitted to them and it was their province to decide it.

The judgment below should be affirmed. Lycoming County Mut. Ins. Co. v. Schollenberger, 44 Pa. 259; Wood, Ins. old ed. § 395; May, Ins. 143.

OPINION BY MR. JUSTICE GREEN:

In the case of Haws v. Fire Asso. 114 Pa. 431, 7 Atl. 159, we decided the main question involved in the present case. We held that the fact that the animal was not present in the barn at the moment of death by lightning did not impair the right of recovery; and the learned court below, following our ruling in that case, refused the first point of the defendant, and in that there was no error.

It is quite clear that the defendant's special plea cannot be sustained. An action was commenced within twelve months next after the loss occurred; and although the writ was not served, an alias and pluries writ was issued, so that a proper service was finally obtained. We have always held that alias and pluries writs are a continuance of the original process, and not the inception of a fresh suit. Lynn v. M'Millen, 3 Penr. & W. 170; McClurg v. Fryer, 15 Pa. 293.

As to the proof of loss, it must be borne in mind that the loss was total, there being but a single subject of insurance, which was entirely destroyed, and that immediate notice of the loss was given to the defendant. In such circumstances we have repeatedly held that a further detailed proof of loss was not requisite to a right of recovery. Lycoming County Mut. Ins.

Co. v. Schollenberger, 44 Pa. 259; Farmers' Mut. F. Ins. Co. v. Moyer, 97 Pa. 441; Pennsylvania F. Ins. Co. v. Dougherty, 102 Pa. 568; Susquehanna Mut. F. Ins. Co. v. Cusick, 109 Pa. 157.

The learned court below left to the jury the question whether there was a reasonable explanation of the delay beyond thirty days, in consequence of certain facts which occurred in relation to making out the proofs of loss, and the jury found that there was, and this was quite as much as the defendant was entitled to ask for in view of the character of the facts referred to. They constituted a bona fide effort on the part of the plaintiff, not only to give notice of the loss, which he did very promptly, but also to make out the full written proofs. When he applied to the agent for that purpose the latter had none on hand but sent to the company for them. When they were received a full proof was made out and signed and sent to the company who received it without objection. We see no error in the action of the court upon this subject.

Judgment affirmed.