# King Creek Lumber Co., Inc., *v.* The Rook Lumber Company, Appellant.

*Attachment—Attachment execution—Garnishee—Fictitious name of defendant—Act of May 10, 1921, P. L. 465.*

An attachment on a judgment issued against an individual trading under a fictitious name is valid, even where the defendant has failed to register as required by the Act of May 10, 1921, P. L. 465. Where the plaintiff has sued the only party it knew, and the defendant has neither filed a plea in abatement, nor entered any objection to being sued under his fictitious name, the attachment is valid.

The Act of May 10, 1921, P. L. 465, expressly provides that the failure of a person, doing business in an assumed or fictitious name, to file the certificates by the statutes required shall not impair the effect or validity of any contract with such person, and that actions or proceedings at law or in equity may be instituted and maintained on any such contract. There is nothing in these statutes which can be construed to prevent any one who has dealt with the individual who employs an assumed name from maintaining an action against that party, using the name which the party has assumed, and such a judgment would be a valid claim against any property which the individual has acquired under that assumed name.

Where the plaintiff secured a judgment against defendant under his fictitious name, and the moneys in the hands of the garnishee were also the property of the defendant, trading under a fictitious name, the attachment was valid, notwithstanding the fact that the defendant had not complied with the statutes requiring registration.

Attachment execution.   Before MAXWELL, P. J.

The facts are stated in the opinion of the Superior Court.

The Court entered the following decree:

## DECREE

And now, to wit: August 24th, 1925, the rule granted in this case, in No. 359, December T., 1922, on June 1st, 1925, is made absolute, and the Prothonotary of the Court of Common Pleas of Bradford County, Pa., is hereby authorized and directed to pay to the King Creek Lumber Company, Incorporated, the said sum of $1,188.91, money paid into Court by the Belmar Manufacturing Company, garnishee in this case, under order of the Court, less all costs, fees and charges due and payable to the Prothonotary or Officers, to be first deducted and retained from said funds; which money when so paid shall apply as a payment upon the judgment of the King Creek Lumber Company, Incorporated, against M. M. Rook, doing business and trading as the Rook Lumber Company, in No. 359, December T., 1922, Common Pleas of Bradford County, Pa.

Brown and Hackney, Inc., appealed.

*Errors assigned,* among others, was the decree of the Court.

*J. Roy Lilley,* and with him *Wm. P. Wilson,* for appellant.

*John C. Ingham,* for appellee.

OPINION BY PORTER, P. J., March 3, 1927:

Brown & Hackney, Inc., the appellant, on September 19, 1922, issued an attachment under the Act of 1869 and its supplements, naming the ''Rook Lumber Company'' as defendant and the Belmar Manufacturing Company as garnishee, attaching moneys owing by the garnishee to the Rook Lumber Company. The writ was served upon the garnishee on September 20, 1922, for which company an appearance was subse-

quently entered of record. On October 9, 1922, M. M. Rook, who was trading under the style of the Rook Lumber Company, filed of record an affidavit denying the allegations of fraud, contained in the affidavit filed on behalf of the plaintiff when the attachment issued, and moved the court to dissolve the attachment upon that ground, but made no complaint as to the name of the defendant in the action, nor did he suggest that the plaintiff should have named as the defendant "M. M. Rook, trading as the Rook Lumber Company," nor did he file any plea in abatement. On December 11, 1922, a general appearance was duly entered of record by attorneys for the Rook Lumber Company. The plaintiff having duly filed and served a statement of claim, judgment was, on December 23, 1922, entered against the defendant, the "Rook Lumber Company," for want of an affidavit of defense, for $812.72. Interrogatories were served on the Belmar Manufacturing Company, garnishee, requiring that company to answer what amount, if anything, it owed the Rook Lumber Company, to which interrogatories the Belmar Manufacturing Company, on December 30, 1922, filed an answer, saying: "At the time the writ of attachment in said case was served on them, they owed the defendant $1,188.91 for lumber sold and delivered by the defendant to them." The plaintiff, on January 2, 1923, obtained a rule on the Belmar Manufacturing Company, garnishee, to show cause why judgment should not be entered against that company in the amount of the judgment obtained by the plaintiff against the defendant, to wit, $812.72. The garnishee filed an answer to this rule, averring that when they answered the interrogatories on December 30, 1922, they had no actual knowledge as to who composed the Rook Lumber Company or whether it was a corporation or not; that the garnishee had been subsequently notified by the King Creek Lumber Com-

pany, which had caused an attachment to be served on the garnishee, in which proceeding the defendant named was "M. M. Rook, doing business under the name of the Rook Lumber Company"; that the King Creek Lumber Company claimed that all of the moneys due from the garnishee to the Rook Lumber Company were the property of said M. M. Rook; that said King Creek Lumber Company had notified the garnishee not to pay any portion of said fund to any other person, and that said King Creek Lumber Company asserted that the Rook Lumber Company was not the owner of the funds in the hands of the garnishee, for the reason that the Rook Lumber Company was not a corporation, partnership or other person, and not a legal entity against which an action could be maintained, and that the Rook Lumber Company is only an assumed or fictitious name, under which the said M. M. Rook is doing business, and that no action or attachment had been brought against the said M. M. Rook by Brown & Hackney, Inc., this appellant. The petition of the garnishee prayed for leave to pay the sum admitted to be due, in their answer of December 30, 1922, into court, and that the court make such other order as may seem just and equitable. The attachment of the King Creek Lumber Company v. M. M. Rook, doing business under the name of the Rook Lumber Company, and Belmar Manufacturing Company, garnishee, had been issued on November 27, 1922, and upon the same day served upon the garnishee; the plaintiff having filed a statement on June 25, 1923, judgment was entered against the defendant on November 3, 1923, in default of an appearance. After the presentation of the petition of the Belmar Manufacturing Company which, on January 8, 1923, prayed for leave to pay the money in its hands into court, under the proceeding in the attachment of Brown & Hackney, Inc., the parties seem to

have long rested upon their oars. On September 8, 1923, there was filed of record in the case of Brown & Hackney, Inc., v. Rook Lumber Company an affidavit of M. M. Rook which averred that the "Rook Lumber Company" is the name under which he, M. M. Rook, has been and is doing business, "which fictitious name is filed in the prothonotary's office in Lycoming County, Pennsylvania, which is the principal place of his office and business and which is likewise filed in the proper State office at Harrisburg, Pennsylvania, and M. M. Rook is the absolute owner and absolutely entitled to all of the moneys due and owing from the Belmar Manufacturing Company and that this company's transactions were all had and made by him under his fictitious name, the Rook Lumber Company, and he makes no objection nor in any way complains that the Brown & Hackney, Inc., suit is against himself in his fictitious name, the Rook Lumber Company, and the Rook Lumber Company and M. M. Rook are one and the same." Thus matters remained until November 3, 1924, when the court below made an order (in the case of Brown & Hackney, Inc., v. Rook Lumber Company) permitting the garnishee to pay the money into court, which was done. Brown & Hackney, Inc., on November 3, 1924, presented a petition to the court averring that M. M. Rook and the Rook Lumber Company were one and the same person, M. M. Rook simply trading and doing business under this name and designation; and praying that the record in that proceeding be amended so that the name of the defendant shall appear throughout the record as "M. M. Rook, trading as the Rook Lumber Company," upon the presentation of which petition the court granted a rule to show cause why the amendment should not be allowed. The King Creek Lumber Company filed an answer to this rule, averring that the Rook Lumber Company was a mere fictitious name,

not a real party, and not a legal entity, and such a party as could not.be made a defendant in an attachment, and there being no real defendant in the attachment of Brown & Hackney, Inc., there was nothing to amend. The court below, on November 17, 1924, filed an opinion discharging the rule, holding that the Rook Lumber Company did not appear from the record to be either a partnership or a corporation; that it was not a legal entity and that there could be no amendment by bringing in a new party, and refused to allow the amendment. On June 1, 1925, the King Creek Lumber Company, Inc., presented its petition to the court and the court granted a rule on the appellant to show cause why the fund paid into court by the Belmar Manufacturing Company, garnishee, should not be paid to the King Creek Lumber Company under its attachment. To this rule M. M. Rook, trading as the Rook Lumber Company, and Brown & Hackney, Inc., filed an answer denying that the King Creek Lumber Company was entitled to take the money out of court and averring that there were disputes of fact involved in the record and that Brown & Hackney, Inc., were entitled to have the fund applied first to payment of their judgment in full. The court below, on August 24, 1925, made the rule absolute and directed the prothonotary to pay the entire fund to the King Creek Lumber Company, basing its action upon the ground that the judgment of Brown & Hackney, Inc., against the Rook Lumber Company was invalid for the reason that the property in dispute was the individual property of M. M. Rook, and not the property of the Rook Lumber Company, and the judgment of the appellant against the Rook Lumber Company, as defendant, without attempting to describe the character of that company, whether it was a corporation or partnership, and if the latter, that it failed to set forth the names of the parties, was a judgment

against a mere fictitious name, which did not constitute a legal entity against which any judgment could be obtained. This was to hold, in effect, that the judgment of the appellant was a nullity. Brown & Hackney, Inc., excepted to this order and here assigns it for error. We have deemed it necessary to fully state the facts disclosed by this complicated record, in order that the grounds upon which our decision is based may clearly appear.

Was the judgment of the appellant against the Rook Lumber Company a nullity? It clearly appeared from the record that Rook Lumber Company was a fictitious name under which M. M. Rook was doing business, and that he was the absolute owner of that company, no other person being therein interested. In that fictitious name all the transactions with the parties involved in this litigation, viz: Brown & Hackney, Inc., the Belmar Manufacturing Company, Inc., and the King Creek Lumber Company, Inc., were carried on. The transactions with Brown & Hackney, Inc., resulting in an indebtedness to that company and those with the Belmar Manufacturing Company, which resulted in an indebtedness of that company to the Rook Lumber Company, were, respectively, between those companies and the Rook Lumber Company. Neither of those companies knew whether the Rook Lumber Company was a corporation or a partnership, nor were they aware that "Rook Lumber Company" was a mere fictitious name. When Brown & Hackney, Inc., issued their attachment M. M. Rook appeared and presented a petition to dissolve the attachment and caused a general appearance of attorney to be entered on behalf of the defendant, but filed no plea in abatement, nor entered any objection to being sued in his assumed name, as defendant. The sole owner of the Rook Lumber Company thus became a party to the record, and there were in the court all the parties in

interest in that proceeding, presenting their respective contentions, and a judgment against the Rook Lumber Company was valid against the property of the Rook Lumber Company, whether that property was in possession or in action and, in the circumstances, was valid against any interest of M. M. Rook in any property which he had acquired under his fictitious name; Fitzgerald's Estate 252 Pa. 568. The plaintiff did not sue the wrong party; he simply sued the right party under the name which that party had assumed, and that party appeared and attempted to defend the action: McGinnis v. Valvoline Oil Works, 251 Pa. 407. The Act of 1917, P. L. 645, as amended by the Act of 1921, P. L. 465, was intended to protect persons giving credit in reliance on an assumed or fictitious name, and to definitely establish the identity of the individuals owning the business for the information of those having dealings with the concern under its fictitious name: Engle v. Capital F. Ins. Co., 75 Pa. Superior Ct. 390. There is nothing in these statutes which can be construed to prevent any one who has dealt with the individual who employs an assumed name from maintaining an action against that party, using the name which the party has assumed, and such a judgment would be a valid claim against any property which the individual has acquired under that assumed name. The Act of May 10, 1921, P. L. 465, expressly provides that the failure of a person, doing business in an assumed or fictitious name, to file the certificates by the statutes required shall not impair the effect or validity of any contract with such person, and that actions or proceedings at law or in equity may be instituted and maintained on any such contract. The contracts which the Belmar Manufacturing Company had entered into with the Rook Lumber Company were valid obligations. Those contracts had been executed, with the result that the former com-

pany was indebted to the Rook Lumber Company and, it being an undisputed fact that Rook was a resident of Pennsylvania and here engaged in business, the Belmar Manufacturing Company was liable to be called upon by any proper legal proceeding to pay the debt which they owe, without regard to whether Rook had filed certificates in the office of the Prothonotary and of the Secretary of State setting forth the assumed name under which he was doing business: Lamb v. Condon, 276 Pa. 544. The attachment of the appellant having been first issued and served upon the garnishee, the Brown & Hackney, Inc., judgment against the Rook Lumber Company should have been first paid out of the moneys paid into court by the garnishee and the order of court that the entire fund be paid to the King Creek Lumber Company was erroneous.

The assignment of error is sustained and the order of the court below is reversed and the record remitted for further proceedings.