## Martz v. Gingell

*John P. Butt*, for plaintiff.

*Edmund C. Wingerd* and *Raymond F. Topper*, for defendant.

SHEELY, P. J., February 26, 1940.—This is a proceeding under the Act of March 5, 1925, P. L. 23, 12 PS §672, raising a question of the jurisdiction of the court over defendant and praying the court to quash the summons and alias summons issued in the above case and to

strike from the record the sheriff's returns thereto. The facts appear of record in the petition and answer.

A summons in trespass was issued on July 10, 1939, returnable the fourth Monday of August, naming "Anna L. Gingell" as defendant. The return of the sheriff, dated August 28, 1939, shows service upon "Annie L. Gingell' on July 12, 1939. On July 19, 1939, an alias summons was issued to the same term and number and returnable on the same date in which "Annie P. Gingell, trading as Gingell Quarries", was named defendant. The return of the sheriff, dated August 28, 1939, showed service upon "Annie P. Gingell, trading as Gingell Quarries", on July 21, 1939. On September 22, 1939, a statement of claim was filed to the same term and number in which "Annie P. Gingell, trading as Gingell Quarries", was named defendant. The sheriff filed a return that he had served the statement of claim upon "Annie P. Gingell, trading as Gingell Quarries".

It is admitted in the answer of plaintiff that, at the time of service of the original summons, defendant notified the deputy sheriff that her name was "Anna P. Gingell", and it is averred by plaintiff that the alias summons was issued for the purpose of correcting the style of the suit against defendant. It is also admitted that all papers were served upon "Anna P. Gingell".

The first question presented is whether this court acquired jurisdiction over the person of Anna P. Gingell by the service upon her of a summons naming Anna L. Gingell as defendant. Admittedly, the name of Anna L. Gingell was a misnomer sufficient, at common law, to sustain a plea in abatement: Northumberland County Bank v. Eyer, 60 Pa. 436 (1869). Pleas in abatement were abolished by section 3 of the Practice Act of May 14, 1915, P. L. 483, 12 PS §384, and it was therein provided that defenses theretofore raised by such plea should be made in the affidavit of defense: See Mack, etc., v. Gould, 42 Lanc. 613 (1931). Both under the common law and

under the provisions of the Practice Act of 1915, supra, it was necessary for a defendant, in order to raise a defense of misnomer, to appear and file a formal pleading.

The Act of March 5, 1925, P. L. 23, 12 PS §672, under which this proceeding is brought, provides that whenever the question of jurisdiction over the defendant, or of the cause of action for which suit is brought, is raised, it shall be preliminarily determined by the court, and that all such preliminary questions shall be raised by petition and rule. The purpose of this statute was to afford a speedy means of securing a final determination of jurisdictional matter in limine before inquiry into the merits of the case. It was not designed to cover generally all judgments on questions of jurisdiction, but must be confined to such as are provided for by the act, i. e., those entered in preliminary proceedings: Wilson v. Garland et al., 287 Pa. 291 (1926). Unless the court acquired no jurisdiction whatever over the person of Anna P. Gingell by the service upon her of a summons naming Anna L. Gingell as defendant, the Act of 1925 does not apply and the question of misnomer must be raised by an affidavit of defense under the Practice Act.

Where there is a misnomer, and defendant appears and fails to raise an objection based thereon, the objection is waived and the judgment or decree rendered is as conclusive as if he were described by his true name. And by the weight of authority, if the writ is served upon the party intended to be sued and he fails to appear and plead in abatement and suffers judgment to be obtained by default he is concluded thereby: 1 Am. Jur. 26; 21 R. C. L. 1324. We have found no Pennsylvania case directly on this point (see Hartshorne v. Mercer, 3 Clark 505, but all the cases recognize that service upon the person intended to be sued gives the court jurisdiction over that person, leaving to him the right to plead in abatement if there is a misnomer. Thus, in Wright v. Eureka Tempered Copper Co., 206 Pa. 274 (1903) the

court said: "He served the right party, the manager of the copper works, and thus brought that company into court, but under a wrong name." And in all of the cases relating to the amendment of the name of defendant who was intended to be sued but was sued under the wrong name, defendant is considered to be in court notwithstanding the misnomer, and no new process is required to be issued after the amendment is allowed: Fuel City Mfg. Co. v. Waynesburg Products Corp., 268 Pa. 441 (1920) ; McGinnis v. The Valvoline Oil Works, Limited, 251 Pa. 407; Dress v. Schuylkill Ry. Co., 83 Pa. Superior Ct. 149; Markowitz v. Ararat Dye Works, 73 Pa. Superior Ct. 129; White Co. v. Fayette Automobile Co., 43 Pa. Superior Ct. 532. It is clear, therefore, that the service of the summons upon Anna P. Gingell did bring her within the jurisdiction of the court and that the question of misnomer must be raised in an affidavit of defense under the Practice Act of 1915: Acme Fertilizer & Plant Food Co. v. Weaver, 10 D. & C. 764 (1928) .

Defendant has moved to quash the original summons and to strike off the sheriff's return thereto. We do not believe that the misnomer of defendant in the writ is sufficient ground for quashing the writ. An original writ can be quashed only where it is irregular, defective, or improper, and where a writ is issued by a court of competent jurisdiction, by the proper officer of the court under his seal of office, on præcipe of counsel, and is not defective or irregular in any respect, it cannot be quashed: Bruner v. Finley, 211 Pa. 74, 77 (1905) ; Powell v. Perkins, 211 Pa. 233, 237 (1905). The original summons in this case was regular on its face, and the sheriff's return thereto showed service upon the party named in the writ (we attach no significance to the difference between "Anna" and "Annie"). The situation presented is identically the situation in Wright v. Eureka Tempered Copper Co., supra, and neither can the writ be quashed nor the sheriff's return thereto stricken off.

With relation to the motion to quash the alias writ and to strike off the sheriff's return thereto the situation is different. When plaintiff discovered that an error had been made in the name of defendant she could have pursued one of two courses: She could have discontinued the original action and instituted a new action against defendant in her proper name; or, she could have moved to amend the record under the Act of April 16, 1846, P. L. 353, 12 PS §532, or the Act of May 4, 1852, P. L. 574, 12 PS §533: Clement v. Commonwealth ex rel., 95 Pa. 107, 111 (1880); Fuel City Mfg. Co. v. Waynesburg Products Corp., supra; McGinnis v. The Valvoline Oil Works, Limited, supra; Dress v. Schuylkill Ry. Co., supra; Markowitz v. Ararat Dye Works, supra; White Co. v. Fayette Automobile Co., supra. Instead of pursuing either of these courses, she attempted to accomplish the same result by issuing an alias summons. An alias summons, however, is a continuance of the original process (Lynn v. McMillen, 3 P. & W. 170), and may issue: (*a*) Where new parties are added to the record; (*b*) where all those named in the original writ cannot be served before the return day; (*c*) where service or return of a previous writ has been set aside without vacation or abatement of the writ itself, and (*d*) to continue the action where service on defendant has not been obtained: 1 Standard Pennsylvania Practice, p. 424; American Central Ins. Co. v. Haws, 7 Sadler 558. We know of no case and have been referred to none, in which an alias writ has been permitted to amend the previous writ. The alias writ, therefore, being without any basis, is irregular and improper, and must be quashed.

And now, February 26, 1940, the motion to quash the original summons and to strike from the records the return of the sheriff thereto is overruled; the petition to determine that this court has obtained no jurisdiction over petitioner is overruled; the motion to quash the alias summons and to strike from the record the return of the sheriff thereto is sustained.