## Metro Equipment Company v. Wil-Mar Construction Company

*Edward N. Flail, Jr.,* for plaintiff.
*Alvin S. Ackerman,* for petitioner.

BLOOM, J., May 28, 1974.—On July 27, 1973, plaintiff filed a complaint in assumpsit against Wil-Mar

Construction Company. The name Wil-Mar Construction Company is a fictitious name registered with the Prothonotary of Delaware County, Pa. The name is not used by a legal entity such as a corporation or partnership but rather it is the name under which an individual, William Mariotti, conducts his business. Neither Mariotti nor any other individual was named as a defendant in the subject suit.

On August 30, 1973, judgment was entered against Wil-Mar Construction Company for want of an appearance or answer. On April 15, 1974, attachment execution was filed by plaintiff against defendant's bank account in the Fidelity Bank which bears the account title "Wil-Mar Construction Company." The writ of attachment execution was served on the Fidelity Bank on April 18, 1974, whereupon on April 23, 1974, William Mariotti petitioned this court to set aside the attachment execution. This opinion is written in disposition of the petition to set aside.

Petitioner contends that the bank account is his individual property and, as such, it cannot be attached or executed upon when the individual owner is not named as a defendant.

In the case of King Creek Lumber Co., Inc. v. The Rook Lumber Company, 90 Pa. Superior Ct. 58 (1927), our Superior Court held that where a plaintiff secured a judgment against a defendant under defendant's fictitious name only and the money in the hands of a garnishee was also the property of an individual trading under the subject fictitious name, the attachment issued was valid.

In so holding, the Superior Court stated:

"The plaintiff did not sue the wrong party; he simply sued the right party under the name which that party had assumed.

". . .

"There is nothing in these statutes [the Fictitious Names Act] which can be construed to prevent any one who has dealt with the individual who employs an assumed name from maintaining an action against that party, using the name which the party has assumed, and such a judgment would be a valid claim against any property which the individual has acquired under that assumed name."

It must be remembered that the Fictitious Names Act was designed to protect those who deal with persons carrying on a business under an assumed name: Rowland v. Canuso, 329 Pa. 72 (1938). There is nothing in the record before us which would indicate that Wil-Mar Construction Company and William Mariotti are not one and the same. The registration of the said fictitious name indicates that William Mariotti is the only person interested in the business carried on under the name. Furthermore, execution was made against an account bearing the name Wil-Mar Construction Company, the named defendant in the complaint in assumpsit. Plaintiff further contracted with Wil-Mar Construction Company only, as evidenced by the invoices, bills and books of original entry attached to the complaint as exhibits.

Therefore, we enter the following

### ORDER

And now, to wit, May 28, 1974, after consideration of argument and briefs submitted by respective counsel before this court en banc, it is hereby ordered and decreed that the petition to set aside execution filed on behalf of William Mariotti be and the same is hereby dismissed.